

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2614

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Smith" (2006). *2006 Decisions*. Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2614
_____

UNITED STATES OF AMERICA

v.

FRANKLIN D. SMITH,
Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00099)
District Judge: Honorable William W. Caldwell
_____

Submitted For Possible Dismissal due to a Jurisdictional Defect
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2006

Before:  RENDELL, SMITH and COWEN, Circuit Judges

(Filed :  December 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Franklin Smith appeals the District Court's order dismissing his motion to dismiss

the charges against him.  In January 2004, Smith was sentenced to sixty months in prison

after he pled guilty to possession of a firearm in furtherance of drug trafficking.  He

voluntarily withdrew his appeal, and his recent motion to reopen the appeal was denied

on October 26, 2006. In April 2005, Smith filed a § 2241 petition in the District Court for the Middle District of Pennsylvania seeking to bring a claim based on the Vienna Convention. On January 6, 2006, this Court affirmed the District Court's dismissal of the § 2241 petition because the claims were cognizable only in a § 2255 motion. See C.A. No. 05-2982. On January 20th, Smith filed a motion in his criminal case to dismiss the charges based on the Vienna Convention. The District Court dismissed the motion without prejudice to Smith bringing the claim in a § 2255 motion. Smith filed a timely notice of appeal.

Where a District Court has dismissed a complaint without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or where the litigant declares an intention to stand on the complaint, whereupon the District Court's order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Because Smith has chosen to stand on his pleading as filed, we have jurisdiction over the appeal.

As we noted in Smith's prior appeal, he must file a motion pursuant to 28 U.S.C. § 2255 in order to raise these claims. Thus, the District Court did not err in dismissing his motion to dismiss the charges. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.